UNITED STATES of America

v.

Kevin R. HARRISON, Appellant.

No. 74–1999.

United States Court of Appeals,
District of Columbia Circuit.

Argued June 11, 1975.

Decided Nov. 10, 1975.

Daniel Marcus, Washington, D. C. (appointed by this Court), for appellant.

John W. Polk, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Eugene M. Propper, Asst. U. S. Attys., were on the brief, for appellee.

Before LEVENTHAL and WILKEY, Circuit Judges, and MERHIGE,* United States District Judge for the Eastern District of Virginia.

PER CURIAM:

Appellant was convicted on both counts of an indictment, which in Count 2 charged violation of 18 U.S.C. § 2113(a) for entering a savings and loan association with intent to commit a felony, and in Count 1 made the same charge but coupled it with the further charge, of a violation of § 2113(d), assaulting or putting the life of a person in jeopardy by use of a dangerous weapon "in committing such offense." A judgment was entered by the District Court only on Count 1. Section 2113(d) provides for a maximum sentence of 25 years, while section 2113(a) contains a twenty year maximum.

The appellant entered the savings and loan office at 12:15 P.M. and inquired about opening an account. He was seated and given two account cards, which he began to fill out. Approximately 7 to 8 minutes after entering the bank, the appellant crumpled the cards, announced the holdup, and withdrew a pistol from inside his jacket (Tr. 111–112). Apparently awaiting the arrival of his accomplice, he held the entire office at gunpoint for about 2 minutes. When the accomplice failed to appear, the appellant fled, abandoning the "robbery".

There would have been no problem in this case if the sentence [1] had been entered on Count 2, as to which ample evidence supports the conviction. But we take the judgment as it is, and consider the contentions assailing the conviction on Count 1.

Appellant complains of the misstating of evidence in the charge to the jury, in which the District Judge erroneously referred to testimony about ammunition and a loaded shotgun. When the mistake was brought to his attention by the Government, the judge gave a curative instruction stating that the weapon used was a pistol rather than a shotgun. Appellant asserts this partial correction left in the minds of the jury the impression that the evidence showed that the pistol was loaded. There was no testimony that the pistol was loaded, and while there is precedent that the jury could have drawn that inference from all the attendant circumstances, it was not re-

---

* Sitting by designation pursuant to 28 U.S.C. § 292(d).

1. 10 Years under the Youth Corrections Act, 18 U.S.C. § 5010(c).

quired to do so. *United States v. Cady*, 495 F.2d 742, 746 n.7 (8th Cir. 1974); *United States v. Marshall*, 427 F.2d 434, 436–37 (2nd Cir. 1970). The failure to correct the impression that there was direct evidence of a loaded pistol may have had a prejudicial impact. *See United States v. Wyatt*, 143 U.S.App.D.C. 136, 139, 442 F.2d 858, 861 (1971). However, this issue is complicated by the failure of defendant's counsel to point out the matter to the trial judge, and in light of our acceptance of the appellant's other attack upon Count 1, we find it unnecessary to resolve it.

In our view, the proof did not support the charge in Count 1. Count 1 charged entry with intent to rob and putting a life in jeopardy by use of a dangerous weapon "in committing such offense". A conviction on Count 1 required that the life be placed in jeopardy during the offense of entry. Instead the judge instructed the jury that it could find the defendant guilty if the dangerous weapon was used "in the course of the intended robbery". Count 1 charged "entering" with intent to commit a felony; it did not charge robbery or attempted robbery, and we must take the indictment as it is.

In many, perhaps most cases, the entry and robbery (or robbery attempt) are so continuous, that one could not fairly say where one left off and the other began. Perhaps in such cases, the entry could be considered as persisting long enough to embrace the ongoing action. In this case, however, there was a peaceable entry and a hiatus, a wait before the attempt to rob was begun. Indeed, there was a *locus poenitentiae* during which appellant could have withdrawn from the enterprise without being guilty of attempted robbery. Unless words have lost their meaning, the entry had been completed well before use of the dangerous weapon occurred.

If Count 1 were the only charge, we would remand for entry of a judgment on the crime of entry with felonious intent (without the addendum of placing a life in jeopardy) as a lesser included offense. Since in this case we do have Count 2, it is more clearcut, and therefore in the interest of justice, to remand with a directive to vacate the sentence on Count 1 and to consider what sentence should be entered on Count 2.

*So ordered.*

WILKEY, Circuit Judge, concurs in the result.