UNITED STATES of America, Plaintiff-Appellee,

v.

Robert Gene KLARE, Defendant-Appellant.

No. 76–2176.

United States Court of Appeals, Ninth Circuit.

Nov. 11, 1976.

Rehearing and Rehearing En Banc Denied Dec. 30, 1976.

Kenneth E. Kaney, Asst. Federal Public Defender (argued), of Seattle, Wash., for defendant-appellant.

Jerald E. Olson, Asst. U. S. Atty. (argued), of Seattle, Wash., for plaintiff-appellee.

Before KENNEDY and ANDERSON, Circuit Judges, and VAN PELT,* District Judge.

PER CURIAM:

Appellant Klare was convicted of taking money from a bank by force, in violation of 18 U.S.C. § 2113(a).[1] His principal defense at the trial was that he was so intoxicated that he lacked capacity to form the necessary specific criminal intent to steal from the bank. The trial court, however, excluded evidence of Klare's intoxication and refused to instruct the jury that specific intent is an essential element of the crime. On appeal, Klare does not challenge the sufficiency of the evidence; his sole contention is that the trial court erroneously ruled that only a general intent is required to convict under the first paragraph of section 2113(a). We affirm.

Proof that an accused had a general intent to commit the acts proscribed by the statute is sufficient to sustain a conviction under the first paragraph of section 2113(a).

This was our holding in *United States v. Porter,* 431 F.2d 7 (9th Cir.), *cert. denied,* 400 U.S. 960, 91 S.Ct. 360, 27 L.Ed.2d 188 (1970). It is unnecessary to prove a definite purpose to deprive the bank permanently of its property, and in this respect a violation of section 2113(a) differs from common law robbery.

It is true that in *United States v. Lilly,* 512 F.2d 1259 (9th Cir. 1975), we held that when robbery is the basis for a felony-murder prosecution, specific intent to steal must be shown. But in *United States v. Hartfield,* 513 F.2d 254 (9th Cir. 1975), we reaffirmed our earlier holding that a general intent is sufficient to convict under the first paragraph of section 2113(a).

We note further that our rule is not without logical support. The statutory offense set forth in the first paragraph of section 2113(a) proscribes violent or intimidating acts; it is reasonable to conclude that Congress intended to punish persons who engage in such acts without requiring that the Government prove every element of common law robbery. *United States v. De Leo,* 422 F.2d 487, 490–91 (1st Cir.), *cert. denied,* 397 U.S. 1037, 90 S.Ct. 1355, 25 L.Ed.2d 648 (1970).

Since a specific intent is not required by the statute, it follows that the trial judge ruled properly in excluding the proffered evidence of intoxication and in declining to instruct the jury that voluntary intoxication is a defense to the crime charged.

The conviction is affirmed.

---

* Honorable Robert Van Pelt, United States District Judge for the District of Nebraska, sitting by designation.

1. The first paragraph of 18 U.S.C. § 2113(a) provides:

    Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . .

    Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.