[Crim. No. 11874. Fourth Dist., Div. One. July 8, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
GEORGE IRWIN PLIES, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Jeffrey J. Stuetz, Deputy State Public Defender, and Sheldon Siporin for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Michael D. Wellington and Steven H. Zeigen, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**WORK, J.**—George Irwin Plies, a career robber, raises a single issue on this appeal following his latest robbery conviction: that one of his ad-

mitted previous felony convictions (for federal bank robbery, 18 U.S.C. § 2113(a))[1] is not a prior felony conviction within the meaning of Penal Code section 667.5, subdivision (b), and the court erred in imposing a one year enhancing consecutive sentence for that conviction.

Plies was charged by amended information with two current felonies and two prior convictions within the meaning of Penal Code section 667.5, subdivision (b).

Before trial, Plies, no stranger to courtroom proceedings of this nature, with the consent of his attorney, after proper advisement, waived his constitutional rights and admitted each of the previous convictions as charged in the following language: "Second prior: And, it is further alleged that said defendant, George Irwin Plies, was on or about September 15, 1969, in the United States District Court for the Eastern District of California for the County of Fresno, in Case No. F-417-CR was convicted of a felony, to wit, bank robbery in violation of 18 United States Code 2113(a) and served more than one year in Federal Prison and did not remain free of prison custody and free of the commission of an offense resulting in a felony conviction for five years subsequent to his release from prison for the above-said felony, within the meaning of Penal Code Section 667.5(b)."

The court continued: "Mr. Plies, do you understand that second prior allegation?" Plies answered "[y]es." The court: "Do you admit or deny that second prior allegation?" Plies: "I admit it."

No objection was made to the sufficiency of the pleading to charge a Penal Code section 667.5 enhancement.

■ On appeal Plies challenges the jurisdiction of the sentencing court to enhance because, *as a matter of law*, a conviction of a violation of bank robbery under section 2113(a) does not fall within the meaning of Penal Code section 667.5, subdivision (b).[2]

---

[1] All references are to 18 United States Code unless otherwise specified.

[2] Penal Code section 667.5, subdivision (b) reads: "Enhancement of prison terms for new offenses because of prior prison terms shall be imposed as follows: [¶] (b) Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any

The Federal Bank Robbery Act is entitled *Bank Robbery and Incidental Crimes*. Section 2113(a) contains two paragraphs, the first describing felonious conduct involving the taking and attempted taking of property from the person or presence of another belonging to certain financial institutions by force, violence or intimidation, *but without any requisite intent to permanently deprive those entities of that property*. The second paragraph in section 2113(a) describes conduct made felonious when a person enters or attempts to enter certain financial institutions with the intent to commit a felony or larceny.

Thus, the second paragraph of section 2113(a) proscribes conduct meeting every element of California felony burglary, while the conduct described in the first paragraph makes the forceable taking of property a felony even though under claim of right or other conditions which would not amount to a California felony robbery.

The federal statute does not distinguish, by nomenclature, between the two types of felonious conduct described in section 2113(a). However, the same is true as between the offenses described in section 2113(a) and those described in section 2113(b) relating to theft.

The history of the act is set forth generally in *Jerome v. United States* (1943) 318 U.S. 101, 102-104 [87 L.Ed. 640, 642, 63 S.Ct. 483]. The 1934 enactment made unlawful only offenses described as unlawful takings by force, fear and violence (essentially the offense now described in the first paragraph of § 2113(a)). In 1937 the statute was amended to include larcenous conduct and burglary, all within paragraph (a). When the Bank Robbery Act (12 U.S.C. § 588b) was reenacted as section 2113 in 1948, larcenous conduct was segregated into section 2113(b), but the violent takings and unlawful entries remained joined in section 2113(a), in essentially the present form. This apparently was to distinguish between the penalties assigned to the different acts.

The United States Supreme Court interpreted section 2113 as describing a single crime, bank robbery, which may be committed in various ways. It held the second paragraph of section 2113(a), is merely

---

felony; provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which defendant remained free of both prison custody and the commission of an offense which results in a felony conviction."

a lesser felony offense to cover situations where persons enter a bank for criminal purposes but are frustrated before commission. (*Prince* v. *United States* (1957) 352 U.S. 322 [1 L.Ed.2d 370, 77 S.Ct. 403, 59 A.L.R.2d 940].)

A review of the federal cases reveals that there is a decided lack of uniformity in the charging nomenclature of offenses involving larcenous takings under section 2113(b) and unlawful entries as described in section 2113(a) paragraph two. For instance, the larceny described in section 2113(b) has been charged as bank robbery (*United States* v. *Golay* (8th Cir. 1977) 560 F.2d 866), and the burglary type offenses in paragraph two section 2113(a), referred to as attempted bank robbery (*Rumfelt* v. *United States* (7th Cir. 1971) 445 F.2d 134), entering with intent to commit a felony (*United States* v. *Harrison* (D.C. Cir. 1975) 522 F.2d 693), and entry with intent to commit larceny (*United States* v. *Phillips* (8th Cir. 1979) 609 F.2d 1271). Therefore, it is obvious a mere reference to the fact a person stands convicted of a federal offense of "bank robbery" under section 2113(a) does not sufficiently identify whether the act committed was one which would be a felony under the laws of California as required by Penal Code section 667.5, subdivision (f), for enhancement purposes.

We note also the cases clearly go in different directions as to whether the felonious forceable taking described in the first paragraph of section 2113(a) requires a specific intent to permanently deprive the victim, which would make it equivalent to the felony described in California's robbery statute, Penal Code section 211. In our view, the weight and most cogent authority is that no such specific intent is required. (*United States* v. *Klare* (9th Cir. 1976) 545 F.2d 93, 94, cert. den., 431 U.S. 905 [52 L.Ed.2d 390, 97 S.Ct. 1699].)

█ It is apparent from the above discussion the mere recitation in the charging information, and at the time of taking Plies' admission, does not enlighten us on the issue of whether the act underlying Plies' federal bank robbery conviction was, in fact, a felony equivalent to one punishable as such by the laws of California. This issue could have been raised in the trial court by Plies merely requiring the prosecution to proceed with its proof. In an obvious effort to avoid the prosecution being allowed to do this during its case in chief on the new charges, he opted to admit his priors outside the presence of the jury. By so doing, he obtained the benefit he desired, the jury was not apprised of his previous life of crime. In the same manner he prevented the prosecution

from filling this legal gap and avoiding the expense and time consumption entailed in this single issue appeal. Plies again stood silently by at sentencing.

Although at trial Plies obviously believed his federal bank robbery conviction fell within the enhancing provisions of Penal Code section 667.5, he was not in any manner forced to make this admission in order to avoid having the matter prejudicially brought to the attention of the jury. He could have appropriately asked to have the validity of priors bifurcated and determined either by the court, a different jury in a separate proceeding, or presented to the same jury following their returning a guilty verdict on the current charges.

On this record the prosecution claims Plies waived his right to raise this matter on appeal by his conduct. This contention fails because even a counseled plea of guilty does not waive a claim the charge (allegation) is not one which the state may constitutionally prosecute (*Menna v. New York* (1975) 423 U.S. 61, 62-63 [46 L.Ed.2d 195, 197-198, 96 S.Ct. 241]), although in most cases factual guilt is a sufficient basis for the state's imposition of punishment. Therefore, if the information fails to charge an offense, a guilty plea does not serve to waive this defect, which could have been raised by demurrer, or otherwise, and a defendant may raise this issue for the first time on appeal. (*United States v. Meacham* (5th Cir. 1980) 626 F.2d 503, 510.)

The record is ambiguous as to whether the charging information here, and admission taken, is of a previous conviction over which the court has jurisdiction to enhance, or is not. The fact the charging document and admission state that said conviction was within the meaning of Penal Code section 667.5, subdivision (b), is of little assistance. Since it is clear the offense described in section 2113(a), most nearly related to the term "bank robbery," does not fall therein, and the majority of the cases we have found referring to pleadings describing the offense in the second paragraph charge under a label other than robbery, the fact the crime is charged as "bank robbery" strongly suggests the federal conviction falls within the first paragraph of section 2113(a), for which the court lacks jurisdiction to enhance.

Rather than striking the enhancement, we follow the procedure suggested in *People v. Roberson* (1978) 81 Cal.App.3d 890 [146 Cal.Rptr. 777], and remand for resentencing. Unless the People can show at the

resentencing hearing there was a prior felony as defined in Penal Code section 667.5, subdivision (f), the prior must be stricken.

Cologne, Acting P. J., and Froehlich, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.