[Crim. No. 44203. Second Dist., Div. Three. Jan. 25, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
RONALD HOUSTON AMERSON, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Ernest Martinez, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Howard J. Schwab and Donald F. Roeschke, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**FRISCO, J.**\*—Appellant, Ronald Houston Amerson (Amerson) appeals the judgment of the court following his adjudication of guilt of one count of murder and two counts of attempted murder.

### PROCEDURE AND BACKGROUND

In 1979 Amerson began cohabiting with Brenda Barlow. One child resulted from this relationship.

On September 26, 1982, a day or two following the termination of this relationship, Amerson forcibly entered the Barlow home, where Brenda was temporarily residing, and stabbed her parents and aunt with a pair of scissors, killing the mother and injuring the father and aunt.

Amerson pleaded not guilty to the charges filed against him and denied the use of the deadly weapon. A jury was waived and he was found guilty (murder in the first degree and attempted murder in the first degree) as charged. At the time of sentencing, the court reduced the charges to murder in the second degree and attempted murder in the second degree. Amerson was then sentenced to state prison for sixteen years (fifteen years plus one year enhancement for the use allegation) as to count I, murder, and eight years (midterm seven years plus one year enhancement for the use allegation) each as to counts II and III, attempted murder; to run concurrently with count I.

### ISSUES ON APPEAL

Amerson contends on appeal that he was not only entitled to the benefits of Penal Code section 1170.8,[1] but further insists that the court below was compelled to determine his eligibility (for commitment to federal incarcer-

---

\*Assigned by the Chairperson of the Judicial Council.

[1]Section 1170.8. Vietnam veterans convicted of felony; commitment to federal incarceration.

"In the case of any person convicted of a felony who would otherwise be sentenced to state prison the court shall consider whether the defendant was a member of the military forces of the United States who served in combat in Vietnam and who suffers from substance abuse or psychological problems resulting from that service. If the court concludes that the defendant is such a person, the court may order the defendant committed to the custody of federal correctional officials for incarceration for a term equivalent to that which the defendant would have served in state prison. The court is authorized to make such a commitment only if the defendant agrees to such a commitment, the court has determined that appropriate federal programs exist, and federal law authorizes the receipt of the defendant under such conditions." (Added by Stats. 1982, ch. 964, § 1, pp. 50-94.)

ation) under that code section *sua sponte*. It is also contended that the trial court erroneously imposed use enhancements relating to the attempted murders (counts II & III).

## DISCUSSION

■ Penal Code section 1170.8 was enacted in 1982 without an urgency clause and therefore became effective January 1, 1983. Although the effective date of that legislation was subsequent to the offense, Amerson is entitled to avail himself of its provisions. A statute that does not increase the punishment for a crime at the time it was committed or alter the situation to the accused's disadvantage may be applied retroactively (*Weaver* v. *Graham* (1981) 450 U.S. 24, 29 [67 L.Ed.2d 17, 23, 101 S.Ct. 960]) (*Conservatorship of Hofferber* (1980) 28 Cal.3d 161, 180 [167 Cal.Rptr. 854, 616 P.2d 836]).

In order for Amerson to take advantage of Penal Code section 1170.8, it must have been established in the record below that: he was a member of the United States military forces, served in combat in Vietnam[2] and suffers from substance abuse that resulted from that service.

Upon that showing, the court must then *consider* and *may* then commit him to the custody of federal authorities for incarceration for the term imposed.

All of the above, of course, is conditioned upon Amerson's consent to such commitment.

Although Amerson was in Vietnam during 1968-1969, we are unable to take judicial notice that all United States military personnel there, at that time, served in combat. There is no evidence that his condition,[3] at the time of the commission of the offenses or at sentencing, was in any way related to his military service. The only evidence of the use of controlled substance was his admission to the probation officer that at the age of 16 years he used marijuana on one occasion, some four years prior to his military service.

Amerson should have apprised the court of his interest, desire and willingness to avail himself of the benefit of this legislation, requested sufficient time to muster the necessary proof to support the court's finding that he was

---

[2]The only evidence on this point is a statement in the probation report that Amerson joined the United States Air Force in 1966 and "was in Vietnam from 1968 to 1969."

[3]Amerson contends that, at the time of the offenses, he was under the influence of Valium and alcohol.

eligible for such commitment; and provided the information necessary to assist the court in exercising its discretion properly.

No purpose would have been served if, at the conclusion of such an undertaking, Amerson refused to agree to such a commitment. The court should not initiate a procedure to determine a defendant's eligibility and prepare to exercise its discretion to commit when it does not know, at the outset, whether the defendant will consent or will refuse to consent to such commitment.

Rights created under this code section are not of constitutional proportions.

■ The courts may not provide words or language which are not found in a statute in order to accommodate a litigant. (*Estate of Hobart* (1947) 82 Cal.App.2d 502 [187 P.2d 105].) "If the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history." (*People* v. *Knowles* (1950) 35 Cal.2d 175, at p. 183 [217 P.2d 1].)

Had the Legislature intended that all convicted felons be advised of the provisions of this code section, there would have been a provision in the legislation mandating the court to do so. By their silence, the Legislature clearly expressed their intent that the courts need not so advise.[4]

We cannot say that Amerson did not knowingly waive his rights under this section. ■ Presumably, defense counsel performed his duty as an attorney and adequately informed Amerson of his legal rights. (*People* v. *Thomas* (1974) 43 Cal.App.3d 862 [118 Cal.Rptr. 226].) It is axiomatic that knowledge to the attorney is knowledge to the client.

Whether to raise the issue, as to the place of incarceration, at the time of sentence was simply a matter of strategy and judgment on the part of counsel and his client.

It must be remembered that, at that time, Amerson's only concern was with the length of the sentence and not the place where it was to be served. Why the issue was not then advanced is best answered by Amerson and his counsel. They were better qualified to determine his eligibility than any other person or persons involved. By their silence, it is reasonable to assume that Amerson could not meet the standards the code prescribed.

---

[4]See Penal Code section 1016.5 as to advisement concerning status as alien.

When one considers that a defendant, through his counsel's silence, waives his right to peremptorily challenge a trial judge,[5] waives his right to a speedy trial,[6] waives his right to raise the defense of double jeopardy,[7] as well as a host of other rights, then under these circumstances, such waiver is neither a startling fact nor an astounding result.

The cases cited by defense counsel are not in point. Both *People v. Wallace* (1963) 59 Cal.2d 548 [30 Cal.Rptr. 449, 381 P.2d 185]) and *People v. Bradford* (1963) 212 Cal.App.2d 403 [28 Cal.Rptr. 115], concerned the trial court's failing or refusing to exercise its discretion when the issues were properly before the trial court.

The matter of *People v. Slutts* (1968) 259 Cal.App.2d 886 [66 Cal.Rptr. 862] dealt with a mentally disordered sex offender. The Court of Appeal ruled that the failure to comply with the procedural requirements of section 5500 et seq. of the Welfare and Institutions Code (since repealed) in the processing of those persons determined, or believed, to be mentally disordered sex offenders constituted a denial of due process.

In *People v. Jones* (1980) 111 Cal.App.3d 597 [169 Cal.Rptr. 28], the defendant did not object to the trial court's failure to state reasons for imposing the upper term, in a criminal matter, at the time of sentencing. The court on appeal held that the trial court is obliged, under the law and rules of court, to set forth reasons in imposing the upper term and that a failure on the defendant's part to object did not affect the court's duty.

The issue, at bar, has to do with a failure to assert a right created by statute.

■ We hold that the trial court was not obliged to advise the defendant of his rights, under Penal Code section 1170.8, *sua sponte* and that Amerson's failure to assert that right constituted a waiver.

■ We agree with Amerson's contention that *In re Culbreth* (1976) 17 Cal.3d 330 [130 Cal.Rptr. 719, 551 P.2d 23], limits the trial court regarding the imposition of the one year enhancements as to counts II and III, and that only one enhancement may be lawfully imposed.

Although there were multiple victims to this tragic incident, the record clearly establishes that there was but one objective as to Amerson's conduct.

[5]Code of Civil Procedure section 170.6.
[6]Penal Code section 1382.
[7]17 Cal.Jur.3d, Criminal Law, sections 257, 259.

The Supreme Court in *People* v. *Cardenas* (1982) 31 Cal.3d 897 [184 Cal.Rptr. 165, 647 P.2d 569] has perpetuated the rule and acknowledged that *Culbreth*'s principle survived the enactment of the Determinate Sentence Law.

Although the cases cited on this point have reference to Penal Code section 12022.5 (use of a firearm), rather than Penal Code section 12022, subdivision (b) (use of a dangerous or deadly weapon), we find that such distinction is without a difference.

The sentences as to counts II and III should be modified by staying the enhancements of one year, pending the service of the sentence in count I. (*People* v. *Prysock* (1982) 127 Cal.App.3d 972 [180 Cal.Rptr. 15].)

Accordingly, the sentences in counts II and III are modified by staying the enhancements of one year each and the stay shall become permanent upon completion of the sentence in count I.

Except as modified, the judgment is affirmed.

Klein, P. J., and Lui, J., concurred.