[Crim. No. 44468. Second Dist., Div. Six. Aug. 10, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT ENRIQUEZ, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of
Appeal, and Larry R. Pizarro, Deputy State Public Defender, for Defendant
and Appellant.

John K. Van de Kamp, Attorney General, Edward T. Fogel, Jr., and Andrew D. Amerson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STONE, P. J.**—Robert Enriquez appeals the imposition of a 15-year term of imprisonment after his conviction of 2 counts of robbery with "use" and "prior conviction" enhancements.

## THE CASE

Appellant was convicted by jury of robbing a gift shop on September 28, 1983, and a Kentucky Fried Chicken outlet the next day. The jury also found that he used a knife in the commission of each offense (Pen. Code, § 12022, subd. (b)). Appellant admitted a prior serious felony conviction within the meaning of Penal Code section 667, subdivision (a) after his motion to strike the same was denied.

The trial court sentenced appellant to fifteen years in state prison: the aggravated term of five years for count I and a consecutive term of one year (one-third of the middle term) for count II; a consecutive term of two years for the two "use" enhancements; and a consecutive five-year term for the prior serious felony.

## THE PRIOR "SERIOUS FELONY" CONVICTION

■ The primary issue before us is whether a prior conviction under the first paragraph of 18 United States Code section 2113(a) (the federal bank robbery statute) qualifies as a "serious felony" conviction within the meaning of Penal Code section 667, subdivision (a). We conclude that it does not.

The first paragraph of section 2113(a) provides that: "Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . . shall be fined not more than $5,000 or imprisoned not more than 20 years, or both." To call into play the five-year enhancement provisions of section

667, subdivision (a) that offense must include all of the elements of a California robbery.[1]

Appellant argues that federal bank robbery is a crime requiring general rather than specific intent, and is therefore not the equivalent of California robbery. He relies on *People* v. *Plies* (1981) 121 Cal.App.3d 676 [177 Cal.Rptr. 4] (disapproved on other grounds in *People* v. *Crowson* (1983) 33 Cal.3d 623, 632, fn. 10 [190 Cal.Rptr. 165, 660 P.2d 389]). Respondent contends that federal bank robbery is a specific intent crime, relying on *People* v. *Miramon* (1983) 140 Cal.App.3d 118 [189 Cal.Rptr. 432].

*Plies* and *Miramon* are directly in conflict. The court in each case independently analyzed the language and history of the federal statute to determine whether specific intent was required for conviction thereunder. Based on their respective analyses, the courts reached opposite conclusions.

However, *Plies* and *Miramon* were decided before *People* v. *Crowson, supra,* 33 Cal.3d 623. *Crowson* teaches that the issue of required elements for federal offenses should be determined by reference to federal cases which interpret their statutes.

Here, as was the case in *Crowson,* the United States Supreme Court has not yet ruled on the precise issue of whether specific intent is required for conviction under the first paragraph of section 2113(a). However, the Ninth Circuit (the jurisdiction in which appellant suffered his prior conviction) has consistently held that a conviction under the first paragraph of section 2113(a) does *not* require proof of specific intent. (*United States* v. *Smith* (9th Cir. 1981) 638 F.2d 131; *United States* v. *Burnim* (9th Cir. 1978) 576 F.2d 236; *United States* v. *Hearst* (9th Cir. 1978) 563 F.2d 1331; *United States* v. *Lemon* (9th Cir. 1977) 550 F.2d 467; *United States* v. *Klare* (9th Cir. 1976) 545 F.2d 93; *United States* v. *Hartfield* (9th Cir. 1975) 513 F.2d 254; *United States* v. *Porter* (9th Cir. 1970) 431 F.2d 7.)

Four other federal circuits are in accord: *United States* v. *DeLeo* (1st Cir. 1970) 422 F.2d 487; *United States* v. *Brown* (3d Cir. 1976) 547 F.2d 36; *United States* v. *Emery* (5th Cir. 1982) 682 F.2d 493; *United States* v. *Johnston* (8th Cir. 1976) 543 F.2d 55.

The federal courts rely on the following analysis of section 2113: "The offense described in the first paragraph of section 2113(a)—'analogous' to common law robbery, *Prince* v. *United States* 352 U.S. 322, 324, 77 S.Ct.

---

[1]Serious felonies are defined by Penal Code section 1192.7. Robbery is the only felony described in section 1192.7 which could be applicable here.

403, 1 L.Ed. 2d 370 n. 2 (1957), or 'in the nature of robbery', *Rawls* v. *United States,* 162 F.2d 798, 799 (10th Cir. 1947)—is part of the statutory pattern to protect institutions whose deposits are federally insured. Six specific crimes are set out in section 2113. Felonious intent is specifically incorporated in the definition of two of them: entering a federally insured institution with intent to commit a felony (a—second paragraph), and taking property with intent to steal or purloin (b). However, it is not made part of the crimes of taking by force or violence or by intimidation (a—first paragraph); knowingly receiving stolen property (c); assaulting or putting in jeopardy the life of a person by a dangerous weapon (d); or killing a person, or forcing a person to accompany him, while in the course of committing one of the other offenses or avoiding apprehension or confinement for any of them (e).

"This differentiation shows careful draftsmanship. Entering and taking can be innocent acts, and therefore require felonious intent to constitute crimes; receiving stolen property can be innocent, unless done knowingly. However, the other offenses describe acts which, when performed, are so unambiguously dangerous to others that the requisite mental element is necessarily implicit in the description . . . It therefore is immaterial for sections 2113(a) and (d) whether the subjective intent of a bank robber is to steal that to which he has no claim or to recover his own deposit; the crime is his resort to force and violence, or intimidation, in the presence of another person to accomplish his purposes." (*United States* v. *DeLeo, supra,* 422 F.2d 487 at pp. 490-491.)

Given the overwhelming weight of federal authority on the subject, we hold that specific intent is not a required element of the federal offense of which appellant was convicted. Accordingly, on remand, *the finding* that appellant suffered a prior serious felony conviction within the meaning of sections 667, subdivision (a) *and the five-year enhancement* therefor must be striken.[2]

THE TRIAL COURT DID NOT STATE THE REASONS FOR ITS SENTENCING CHOICES; REMAND IS NECESSARY

■ The court below made two discretionary sentencing choices: it imposed the aggravated term for count I (Pen. Code, § 1170, subd. (b)) and ordered a consecutive term for count II (Pen. Code, § 1170.1, subd. (d)).

The court failed to adequately set forth its reasons for those choices (Pen. Code, § 1170, subds. (b), (c); Cal. Rules of Court, rule 443). Incorporation

---

[2]Because of our holding on this issue, we need not reach appellant's remaining contentions regarding his prior conviction.

by reference to the probation report is not sufficient (*People* v. *Hernandez* (1979) 100 Cal.App.3d 637 [160 Cal.Rptr. 607]); neither can respondent avoid remand by arguing that probation report here (*People* v. *Turner* (1978) 87 Cal.App.3d 244 [150 Cal.Rptr. 807]).

■ From the few reasons the court did state on the record, it appears that appellant may have been the victim of not a "dual" but a "triple" use of facts; his use of a knife resulted in (1) a mandatory enhancement of the base term on each count; (2) the imposition of the aggravated term on count I; and (3) the imposition of a consecutive term for count II. That is improper. (*Hernandez, supra; People* v. *Smith* (1980) 101 Cal.App.3d 964 [161 Cal.Rptr. 787]; *People* v. *Cheeks* (1982) 135 Cal.App.3d 826 [185 Cal.Rptr. 496].)

## THE CONSECUTIVE "USE" ENHANCEMENT ON COUNT II

The attorney general concedes that it was error to run the one year "use" enhancement on count II consecutive to the principal term because appellant was not convicted of a violent felony. (Pen. Code, §§ 1170.1, subd. (a), 667.5, subd. (c).) If, on remand, the court determines that the term for count II shall be served consecutive to the term for count I, the one year use enhancement on count II shall be stayed. (Pen. Code, § 1170.1, subd. (a).)

## VIETNAM COMBAT DUTY AND RELATED SUBSTANCE ABUSE

■ Appellant argues that the trial court had a mandatory duty to consider whether he was eligible for a federal commitment pursuant to Penal Code section 1170.9.[3] We disagree.

In order for appellant to take advantage of Penal Code section 1170.9, he must establish that "he was a member of the United States military forces, served in combat in Vietnam and suffers from substance abuse that resulted from that service. [¶] Upon that showing, the court must then *consider* and *may* then commit him to the custody of federal authorities for incarceration for the term imposed." (*People* v. *Amerson* (1984) 151 Cal.App.3d 165, 168 [198 Cal.Rptr. 678].)

In this case, the probation report makes note of the fact that appellant served two tours of duty in Vietnam, and defense counsel argued that the robberies were prompted by appellant's narcotics problem. However, that

---

[3]The section was renumbered from 1170.8 to 1170.9 in 1983. (Stats. 1983, ch. 142, § 121.)

falls far short of a showing that appellant served *in combat* in Vietnam and that he suffers from substance abuse *as a result of* his service. (See, e.g., *People* v. *Amerson, supra,* at p. 168.) If appellant can make that showing at resentencing, he will be entitled to consideration under Penal Code section 1170.9.

CONCLUSION

The matter is hereby remanded; the trial court is directed to strike the finding and the enhancement pursuant to Penal Code section 667, subdivision (a) and to resentence appellant consistent with the views expressed herein.

Abbe, J., and Gilbert, J., concurred.