[No. C001374. Third Dist. Oct. 5, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
DIANE LOUISE ELLIS, Defendant and Appellant.

336

**COUNSEL**

R. Charles Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Michael T. Garcia, Shirley A. Nelson and Wanda Hill Rouzan, Deputy Attorneys General, for Plaintiff and Resondent.

**OPINION**

SIMS, J.—Penal Code section 667, subdivision (a), provides for imposition of a five-year enhancement where a defendant has been previously convicted "of any offense committed in another jurisdiction which includes all of the elements of any serious felony, . . ." (All further references to statutes are to the Penal Code unless otherwise indicated.) In this case, we consider whether a defendant, as part of a plea bargain, can lawfully admit that a prior conviction for federal bank robbery is a serious felony even though it does not include all the elements of any serious California felony as a matter of law. We conclude *People* v. *Jackson* (1985) 37 Cal.3d 826 [210 Cal.Rptr. 623, 694 P.2d 736] does not allow a defendant to admit in the trial court that a non-California offense qualifies as a serious felony when, as a matter

of law, it does not. However, we further conclude defendant is estopped to urge the error on the record before us.

## PROCEDURAL BACKGROUND

Defendant was charged with one count of residential burglary (§ 459), four felony counts arising out of the thefts of vehicles (§§ 487, subd. 3, 496, 666, and Veh. Code, § 10851), and eight counts of passing bad checks (§ 470), all offenses having occurred in February 1985. The information further alleged defendant had suffered a 1968 serious felony conviction for federal bank robbery, "within the meaning of" sections 667 and 1192.7, subdivision (c).

Pursuant to negotiation, defendant pled guilty to first degree residential burglary (count one) and to vehicle theft (count five), and admitted the prior serious felony conviction. In exchange, the prosecution agreed to dismiss the remaining 11 counts upon the condition that the bad-check counts could be considered at sentencing.[1] It was further agreed that defendant would receive no more than nine years in prison.

Before the sentencing hearing, defendant moved to strike the prior, arguing (1) under *People v. Leever* (1985) 173 Cal.App.3d 853 [219 Cal.Rptr. 581] federal bank robbery is not a "serious felony" within the meaning of sections 667 and 1192.7, subdivision (c)(19) because it does not contain all the elements of robbery in California; and (2) the court should exercise its discretion to strike the prior (see *People v. Fritz* (1985) 40 Cal.3d 227 [219 Cal.Rptr. 460, 707 P.2d 833]) because it was 18 years old. At sentencing, defendant conceded that her motion based on *Leever* was nonmeritorius and that she could lawfully admit the prior serious felony. The court declined to strike the prior and sentenced defendant to nine years in state prison, a term that included five years for the prior serious felony. The remaining 11 counts were dismissed in accordance with the bargain. This appeal followed.

On appeal, defendant contends the five-year term for the prior serious felony must be stricken because (1) her admission of the prior was fatally defective in that she admitted having been previously convicted of a prior felony under a federal statute that in fact proscribed no criminal conduct of any kind and (2) her prior conviction for bank robbery does not qualify as a serious felony as a matter of law.

---

[1] See *People v. Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396].

## DISCUSSION

## I

*We shall treat the appeal as a petition for writ of habeas corpus.*

■ Defendant has not obtained a certificate of probable cause for her appeal as required by Penal Code section 1237.5. Her contentions attack the validity of her plea and are not reviewable on appeal in the absence of such a certificate. (*People* v. *Arwood* (1985) 165 Cal.App.3d 167, 172 [211 Cal.Rptr. 307].) ■ However, since defendant contends the court was without jurisdiction to impose the serious felony enhancement, and since such an assertion is ordinarily cognizable upon a petition for writ of habeas corpus, in the interest of judicial economy we shall treat the appeal as a petition for writ of habeas corpus and reach the merits. (*Id.,* at p. 173; see *People* v. *Jerome* (1984) 160 Cal.App.3d 1087, 1094-1096 [207 Cal.Rptr. 199].)

## II

*The serious felony term need not be stricken because the wrong federal statute was pleaded in the information.*

■ Defendant contends the serious felony term must be stricken because defendant's admission of the prior serious felony was fatally defective.

When defendant entered her plea in open court the following colloquy occurred:

"THE COURT: And it is alleged that there is a prior conviction on the 4th day of October, 1968, in the U.S. District Court of the Eastern Judicial District of the State of California, in which you were convicted of a serious felony, robbery, *in violation of Section 18 U.S.C. 4208, subsection B,* within the meaning of Penal Code Section 667 and 1192.7, subsection C [*sic*], making that a five-year prior.

"Do you admit or deny that?

"THE DEFENDANT: I admit it." (Italics added.)

The statute for which defendant admitted having suffered a prior conviction, 18 United States Code section 4208(b), is a federal statute setting forth procedures and time limits governing the administrative process of granting

or denying parole to a prisoner. It is not a penal statute and does not purport to describe criminal conduct.

Defendant asserts the incorrect statutory reference requires the vacation of her plea. We cannot agree.

Defendant expressly admitted she was previously convicted of robbery in federal court. The error in her admission of the prior offense is traceable to the information, which pled the wrong section within title 18 of the United States Code (the correct section, as defendant's attorney admitted in the trial court, was § 2113(a), bank robbery).

The pleading error does not require vacation of the admission. As our Supreme Court has recently noted, the allegations of the information, rather than the enumeration of a specific statutory reference or definition, determine what offenses are charged. (*People* v. *Thomas* (1987) 43 Cal.3d 818, 826 [239 Cal.Rptr. 307, 740 P.2d 419].) An erroneous reference to a statute in a pleading is of no consequence provided the pleading adequately informs the accused of the act he is charged with having committed. (*Id.*, at p. 827; *Isaac* v. *Superior Court* (1978) 79 Cal.App.3d 260, 262 [146 Cal.Rptr. 396].) Such is the case here.

### III

*A defendant cannot lawfully admit in the trial court that a felony committed in another jurisdiction includes all of the elements of a California serious felony when, as a matter of law, it does not. However, on the record presented, defendant is estopped to complain of the error.*

■ Defendant contends the five-year serious felony term must be stricken, leaving the rest of her sentence intact, because the elements necessary to constitute the serious felony of bank robbery are not the same as the elements of the California crime of robbery. We agree with the diagnosis but not with the cure.

We have noted subdivision (a) of section 667 provides for a serious felony enhancement where a defendant has been previously convicted "of any offense committed in another jurisdiction which includes all of the elements of any serious felony." In this case, the only candidate for a prior serious felony is defendant's 1968 conviction for federal bank robbery in Sacramento in violation of section 2113(a) of title 18 of the United States Code.[2]

---

[2] As applicable to defendant's 1968 offense, section 2113(a) provided: "(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence

In *People* v. *Leever, supra,* 173 Cal.App.3d at pages 872-873, the court held a federal bank robbery committed within the jurisdiction of the Ninth Circuit Court of Appeals (as was this one) does not include all the elements of the California offense of robbery as a matter of law.[3] Since we think *Leever* correctly decided the point, we shall follow it here.

*Leever* was a case in which the defendant put the prosecution to its proof of the prior serious felony. (*Id.,* at pp. 870-871.) Relying on *People* v. *Jackson, supra,* 37 Cal.3d at pages 835-837 and *People* v. *O'Bryan* (1985) 37

of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank or any savings and loan association; or

"Whoever enters or attempts to enter any bank or any savings and loan association, or any building used in whole or in part as a bank or as a savings and loan association, with intent to commit in such bank or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny—

"Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both."

[3] *Leever* reasoned as follows: "As noted in *People* v. *Plies* (1981) 121 Cal.App.3d 676 [177 Cal.Rptr. 4] (disapproved in *People* v. *Crowson, supra,* 33 Cal.3d 623, 632, fn. 10, on a point not relevant here), section 2113(a) describes two classes of offenses. Its first paragraph makes it a felony to take or attempt to take property from another by force, fear or intimidation, in certain financial institutions; its second paragraph makes it a felony to enter or attempt to enter such institutions with the intent to commit a felony or larceny therein. . . . Thus, proof that a defendant has been convicted for a violation of section 2113(a) (entitled 'Bank Robbery and Incidental Crimes') does not establish which type of offense was committed. (*Id.,* at pp. 679-680.) Further, it cannot be said that a conviction for either type of offense would necessarily constitute a serious felony. First, the burglary-type offenses described in the second paragraph, while arguably establishing felony burglary in this state (§§ 459-461; see *People* v. *Plies, supra,* 121 Cal.App.3d at p. 679), do not establish the applicable *serious felony,* 'burglary of a residence' (§ 1192.7, subd. (c)(18)). Second, there is a split of authority in the federal courts as to whether the robbery offense described in the first paragraph of section 2113(a) requires proof of a specific intent to permanently deprive the victim of the property taken—an essential element of robbery under California law. (§ 211; *People* v. *Plies, supra,* 121 Cal.App.3d at p. 680; see *People* v. *Ford* (1964) 60 Cal.2d 772; 793 [36 Cal.Rptr. 620, 388 P.2d 892], cert. den., 377 U.S. 940 [12 L.Ed.2d 303, 84 S.Ct. 1342].) The court in *Plies* examined that split of authority and concluded for itself that section 2113(a) defines robbery as a *general* intent crime. More recent authority rejects the *Plies* analysis and finds that *specific* intent is required. (*People* v. *Miramon* (1983) 140 Cal.App.3d 118, 126-134 [189 Cal.Rptr. 432]; see also, in the context of a statutory double jeopardy claim, *People* v. *Candelaria* (1956) 139 Cal.App.2d 432, 440 [294 P.2d. 120].)

"We find it unnecessary to add our view to the *Plies-Miramon* conflict. The pertinent question is whether specific intent was considered a necessary element in the particular court where Leever was convicted. His conviction occurred in a federal district court within the jurisdiction of the Ninth Circuit Court of Appeals, which has stated without equivocation: 'In the Ninth Circuit, 18 U.S.C. § 2113(a) is a general intent and not a specific intent crime. [Citations.]' (*United States* v. *Smith* (9th Cir. 1981) 638 F.2d 131, 132 [holding that the exclusion of diminished capacity evidence was therefore correct].) It follows that specific intent was not necessarily an adjudicated element in Leever's prior conviction, regardless of contrary authority in other federal circuits. (Accord *People* v. *Enriquez, supra,* 159 Cal.App.3d 1, 4-5; contrast *People* v. *Crowson, supra,* 33 Cal.3d 623, 631-632 [law of the federal circuit in which the conviction occurred was unclear].)" (Italics in original.)

Cal.3d 841 [210 Cal.Rptr. 450, 694 P.2d 135], *Leever* suggested in dictum that defendant could have validly admitted the serious felony "for in that situation, where a bargain is struck, the defendant's admission is not limited to the scope of the *fact* of the conviction, but extends to all allegations concerning the prior, even though the People might have been unable to prove those allegations. [Citations.]" *(Leever, supra,* 173 Cal.App.3d at p. 872.)

We respectfully part company with the breadth of this dictum. In our view, the instant case continues to be controlled by *People* v. *Crowson* (1983) 33 Cal.3d 623 [190 Cal.Rptr. 165, 660 P.2d 389] where the court construed language in section 667.5 nearly identical to that in subdivision (a) of section 667 and concluded "that enhancement is only permissible when the elements of the foreign crime, as defined by that jurisdiction's statutory or common law, include all of the elements of the California felony." (P. 632, fn. omitted.) We do not think *Crowson's* rule was changed by *Jackson,* where the court upheld defendant's admission of a prior residential burglary even though the People were precluded from proving the offense. *(People* v. *Jackson, supra,* 37 Cal.3d at p. 836.)

In *Jackson,* the court was construing the serious felony enhancement for "burglary of a residence." *(Id.,* at p. 832.) The court concluded the enhancement provision did not define a specific offense "but [applied] to the criminal conduct described therein." *(Ibid.)* Thus, at issue was whether, in the commission of a burglary, the defendant had, in fact, burglarized a residence.

*Jackson* concluded proof of such prior conduct, not encompassed by the elements necessarily adjudicated by the judgment, "would raise serious problems akin to double jeopardy and denial of speedy trial." *(Id.,* at p. 836.) However, the court stated, "There is no rule, however, which bars the defendant from admitting that a prior burglary involved entry into a residence, even if the prosecution is unable to prove the allegation." *(Ibid.)*

*Jackson* thus stands for the sensible proposition a defendant should be able to admit he engaged in prior *conduct* described by the serious felony statute even though the prosecution is barred by procedural rules from proving the conduct at trial. *People* v. *O'Bryan, supra,* 37 Cal.3d 841 merely held a defendant could admit he burglarized a residence by admitting the truth of an information that alleged he had, in fact, burglarized a residence. (P. 844.) Again, *O'Bryan* involves an admission limited to defendant's prior conduct: whether the structure previously burglarized was a residence. *People* v. *Thomas* (1986) 41 Cal.3d 837 [226 Cal.Rptr. 107, 718 P.2d 94] adheres to the principle a defendant may admit past conduct falling within

the statute. *Thomas* holds a defendant need not admit that a prior burglary was of a residence to qualify the prior as a serious felony. (P. 843.) *Thomas* pointed out that section 1192.7 defining categories of serious felonies "would also include a burglary in which the defendant inflicted great bodily injury on any person other than an accomplice (subd. (c)(8)), used a firearm (subd. (c)(8)), or used a deadly weapon (subd. (c)(23)). Thus the issue posed by the information is not whether the defendant entered a residence, but whether he committed the burglary in a manner which would render it a 'serious felony' under section 1192.7." (*Ibid.*) The court concluded defendant's admission a prior burglary was a serious felony conceded defendant had engaged in some conduct proscribed by the serious felony statute. (*Ibid.*)

For convenience, we shall call the admissions in *Jackson, O'Bryan,* and *Thomas* ones of "experiential fact," because their veracity depends on a defendant's past conduct. They do not require a defendant necessarily to admit a conclusive *legal* falsehood.

What is going on in this case is something entirely different. To be sure, whether a defendant was previously convicted of a crime is an experiential fact. However, whether the elements of the federal bank robbery include all elements of a California robbery is not an experiential fact but is rather a question of law that cannot be affected by anyone's conduct. (*People* v. *Crowson, supra,* 33 Cal.3d at pp. 632-633.) In this case, the assertion the elements are the same is a conclusive legal falsehood. To our knowledge, no published case has allowed a defendant to "admit" in the trial court that the law is other than it is or that he should be punished in circumstances where the statute prescribes no punishment as a matter of law. Indeed, unless principles of estoppel preclude an attack in the appellate courts, it is clear a defendant can collaterally attack a foreign prior conviction shown to be unauthorized by statute even where defendant has admitted the prior conviction in the trial court. (See, e.g., *Crowson, supra,* 33 Cal.3d at p. 627, fn. 3; *In re Crumpton* (1973) 9 Cal.3d 463 [106 Cal.Rptr. 770, 507 P.2d 74]; *In re Finley* (1968) 68 Cal.2d 389, 390-391 [66 Cal.Rptr. 733, 438 P.2d 381]; *In re McVickers* (1946) 29 Cal.2d 264, 270-273 [176 P.2d 40]; *People* v. *Plies* (1981) 121 Cal.App.3d 676, 681 [177 Cal.Rptr. 4], disapproved on another point in *Crowson, supra,* 33 Cal.3d at p. 632, fn. 10.) Imposition of the enhancement in this case was an unlawful act in excess of the trial court's statutory authority and thus in excess of its jurisdiction. (See *People* v. *Jerome, supra,* 160 Cal.App.3d at p. 1094.) Faced with such an unlawful plea bargain, a trial court should withhold approval of the bargain. (See Pen. Code, §§ 1192.4, 1192.5.)

■ However, it does not necessarily follow from this conclusion that defendant is now entitled to relief by collateral attack. There remains the

question whether defendant, by her consent to the plea bargain and to the legality of her admission of the prior serious felony in the trial court, should be estopped from later asserting a claim of error.

In *People* v. *Garrett* (1987) 192 Cal.App.3d 41 [237 Cal.Rptr. 305] we recently discussed the difference between an act of a trial court undertaken without "jurisdiction in the fundamental sense" (a complete absence of authority with respect to the subject of the dispute) and an act undertaken ".in excess of jurisdiction, i.e. beyond statutory authority." (P. 49.) We explained that where fundamental jurisdiction was lacking, it could not be conferred by consent or estoppel, whereas consent or estoppel could supply jurisdiction for an act undertaken by the trial court merely in excess of its statutory power. (*Ibid.*)

Here, it is clear the trial court's error is premised on an excess of jurisdiction, not on a lack of fundamental jurisdiction. In *People* v. *Webb* (1986) 186 Cal.App.3d 401 [230 Cal.Rptr. 755] we held a defendant was estopped to complain that his plea bargain violated the proscriptions on certain bargains set forth in Penal Code section 1192.7. (P. 411.) We concluded the trial court's act was undertaken in excess of its statutory authority, because, "When an information is properly filed the superior court clearly has subject matter jurisdiction to hear and determine the case." (*Ibid.*) Here, an information was properly filed, and the cause was properly before the trial court. The error was in acceptance of an admission, and imposition of sentence thereon, in circumstances where defendant's prior conviction did not fall within the applicable penal statute (§ 667, subd. (a)) as a matter of law. The trial court acted in excess of its statutory jurisdiction but not in excess of its fundamental jurisdiction. (See *People* v. *Mutch* (1971) 4 Cal.3d 389, 396 [93 Cal.Rptr. 721, 482 P.2d 633].) Consequently, we must examine whether defendant is now estopped to complain of the bargain she struck in the trial court. (See *People* v. *Garrett, supra,* 192 Cal.App.3d at pp. 49-50; *People* v. *Webb, supra,* 186 Cal.App.3d at pp. 411-412.)

▇ "Whether [a defendant] shall be estopped depends on the importance of the irregularity not only to the parties but to the functioning of the courts and in some instances on other considerations of public policy. A litigant who has stipulated to a procedure in excess of jurisdiction may be estopped to question it when 'To hold otherwise would permit the parties to trifle with the courts.' (*City of Los Angeles* v. *Cole* (1946) *supra,* 28 Cal.2d 509, 515.) On the other hand waiver of procedural requirements may not be permitted when the allowance of a deviation would lead to confusion in the processing of other cases by other litigants. (*Tabor* v. *Superior Court* (1946) 28 Cal.2d 505, 508-509 [170 P.2d 667].) Substantive rules based on public policy sometimes control the allowance or disallowance of estoppel. For

example, *People* v. *Blakeman* (1959) *supra,* 170 Cal.App.2d 596, 598, held that a defendant who requested and received probation conditioned on banishment was not estopped to attack the condition, for public policy forbids banishment and 'The law cannot suffer the state's interest and concern in the observance and enforcement of this policy to be thwarted through the guise of waiver of a personal right by an individual.' On the other hand a party who has procured a divorce decree is estopped to claim later that it is invalid. In that situation a rule of substantive law based on public policy prevents his questioning even the jurisdictional fact of domicile. (*Spellens* v. *Spellens* (1957) 49 Cal.2d 210, 218-221 [317 P.2d 613]; *Rediker* v. *Rediker* (1950) 35 Cal.2d 796, 805-808 [221 P.2d 1, 20 A.L.R.2d 1152]; *Union Bank & Trust Co.* v. *Gordon* (1953) 116 Cal.App.2d 681, 685 [254 P.2d 644].)" (*In re Griffin* (1967) 67 Cal.2d 343, 348 [62 Cal.Rptr. 1, 431 P.2d 625].)

 We are aware of no authority controlling the question whether a defendant may be estopped to complain of his conviction of a criminal offense (or enhancement), later shown to be unauthorized by statute, where the defendant has admitted the offense or enhancement as part of a plea bargain. In *In re Crumpton, supra,* 9 Cal.3d 463 defendant was charged with kidnapping for the purpose of robbery (with a bodily harm allegation) and robbery. He pled guilty to kidnapping for the purpose of robbery; the bodily harm allegation was stricken; and the robbery charge was dismissed. (P. 465.) A year after his plea, in *People* v. *Daniels* (1969) 71 Cal.2d 1119 [80 Cal.Rptr. 897, 459 P.2d 225, 43 A.L.R.3d 677], the Supreme Court construed the kidnapping statute to require more substantial movement of a victim than had formerly been the case. (P. 1139.) In a petition for writ of habeas corpus, Crumpton showed he was not guilty of *any* kidnapping under *Daniels.* (*Crumpton, supra,* at p. 466.) Nonetheless, the People argued Crumpton's conviction should be upheld because it was the product of a plea bargain. The Supreme Court rejected the argument. However, the court did not preclude application of the estoppel doctrine across the board in cases where the defendant's conduct was not proscribed by a statute. The court's rationale was not premised on a fatal divergence between the statute and Crumpton's conduct but rather upon the unfairness of the legal mistake in the circumstances of Crumpton's plea bargain: "The agreement, . . . was bottomed on a false premise: Crumpton could not have been convicted either of the offense to which he pleaded guilty or of the more serious offense the consequences of which motivated his plea. It would be unconscionable to hold a defendant bound by a plea made under such significant and excusable misapprehension of the law." (*Id.,* at p. 468.) Clearly, defendant in this case has demonstrated no mistake of law unfairly influencing her bargain. (Cf. also *Henderson* v. *Morgan* (1976) 426 U.S. 637 [49 L.Ed.2d 108, 96 S.Ct. 2253], discussed in *People* v. *Thomas, supra,* 41 Cal.3d at

p. 844.) Since *Crumpton* does not control the question, we turn to questions of policy.

Plainly the law has a strong interest in insuring that a defendant is convicted and punished only if he has done an act proscribed by a criminal statute. The diverse statutes comprising the criminal law are there for a reason; they are not like tools above a workbench to be selected by the parties to a criminal case according to their utility in getting rid of pending cases and without regard to a defendant's conduct. The interest of the law in insuring a defendant has violated a specific penal statute is not simply the obvious one of avoiding the punishment of wholly innocent persons. The law also has an interest in insuring that, even where a defendant has committed some criminal act, his criminal conduct matches up with a statute that proscribes the conduct. Only in this way can the judicial system insure that a defendant's criminal conduct will receive the punishment the Legislature intended. Moreover, convictions for statutory offenses play an important role in the criminal justice system in identifying the kind of unlawful behavior a defendant has engaged in. Where there is no correlation between the defendant's behavior and the statute serving as the basis of conviction, the conviction becomes useless to probation officers, correctional authorities, and law enforcement personnel who use convictions routinely as convenient diagnostic tools, useful both for the rehabilitation of offenders and the investigation of new offenses.

We therefore have no doubt that strong public policy countenances against allowing defendants to plead guilty to crimes they did not commit.

However, the presence of a plea bargain injects other policy considerations into the calculus. Just as the law has no interest in punishing defendants more severely than has been ordained by the Legislature, the law also has a strong interest in seeing to it that defendants do not unfairly manipulate the system to obtain punishment far less than that called for by the statutes applicable to their conduct. "To hold otherwise would permit the parties to trifle with the courts," (*City of Los Angeles* v. *Cole* (1946) 28 Cal.2d 509, 515 [170 P.2d 928]) thereby bringing disrespect to the judicial system. In addition, in some cases, a consequence of such unfair manipulation may be the premature release into society of previously incarcerated dangerous persons. These concerns are implicated here, where defendant, having admitted commission of an offense (enhancement) in exchange for the People's agreement to forego prosecution of counts and to a limitation of sentence, now seeks to strike a majority of the years of her sentence.[4]

---

[4] Concerns about an unfairly lenient sentence may arise not only where a bargained-for prison term is stricken but also where the entire bargain is set aside at a late date and the matter is then set for trial. In the latter event, the passage of time will often make it more difficult

In this case, we have no occasion to consider whether the doctrine of consent or estoppel may be applied generally to sustain, for example, a defendant's conviction for murder of a victim shown conclusively to be alive. Here, we deal with a narrow issue: whether the public policy concerns previously discussed forbid application of the estoppel doctrine where a defendant, as part of a plea bargain, admits that a prior conviction for federal bank robbery satisfies California's serious felony statute.

We first note that while there is necessarily a divergence between elements of the California offense and the federal offense, the federal felony offense involves serious, dangerous conduct. (See fn. 2, *ante*.) There is no dispute that defendant was in fact convicted of the prior felony offense. The situation is therefore not one in which admission of the federal offense as a "serious felony" would result in an unconscionable divergence between the conduct proscribed by section 667 and defendant's conduct. This case can hardly be characterized as one in which an innocent has been convicted.

Moreover, unlike *Crumpton,* the record in this case shows plausible, tactical reasons supporting defendant's admission of the serious felony and counsel's concession the admission was lawful under *Jackson,* [5] a concession that was tantamount to a withdrawal of the motion to strike the prior insofar as the motion was premised on *Leever*. The record shows that although the bargain called for a nine-year "lid," all parties entered the agreement at the time of plea with the understanding a nine-year sentence was probable; the unmistakable inference is that the plea agreement was premised on defendant's ability lawfully to admit the prior serious felony subject to a *Fritz* motion to strike it. Had the trial court acknowledged the illegality of the serious felony enhancement, and set the whole bargain aside, defendant would have lost her chance to strike five years from the

---

for the People to carry their burden of proving the criminal conduct at issue. Although delay does not invariably prejudice a party's ability to prove its case (*Serna* v. *Superior Court* (1985) 40 Cal.3d 239, 250 [219 Cal.Rptr. 420, 707 P.2d 793]), delays frequently result in the death or disappearance of witnesses, fading memories, and the destruction of evidence. (See *id.,* at p. 251.) Here, we have no occasion to examine these matters. Relief by way of striking the prior conviction is fundamentally different from relief vacating the judgment and setting the matter for trial. (See *People* v. *Sumstine* (1984) 36 Cal.3d 909, 920-921 [206 Cal.Rptr. 707, 687 P.2d 904].) Defendant has never asked that the bargain be set aside and the matter returned for trial on all substantive counts, including those previously dismissed. Defendant is represented by counsel, who may have valid tactical reasons for limiting the requested relief to striking the prior. (See, e.g., *Ricketts* v. *Adamson* (1987) 483 U.S. 1 [97 L.Ed.2d 1, 107 S.Ct. 2860]; *Wasman* v. *United States* (1984) 468 U.S. 559 [82 L.Ed.2d 424, 104 S.Ct. 3217].) Consequently, in the absence of such a request for relief, we do not consider whether vacation of the bargain and a retrial would be an appropriate remedy in the circumstances. Rather, we evaluate the petition in light of the relief prayed for.

[5] Defendant does not contend trial counsel was ineffective. In any event, since the record shows plausible tactical reasons supporting counsel's decisions, no ineffectiveness is shown. (*People* v. *Fosselman* (1983) 33 Cal.3d 572, 581-582 [189 Cal.Rptr. 855, 659 P.2d 1144].)

sentence by her *Fritz* motion. In addition, the record contains no suggestion of any inability of the prosecution to prove all charged counts. Thus, defendant faced a possible term of imprisonment of 12 years if she lost the 9-year "lid" and was convicted on all counts.[6] This maximum sentence was a realistic possibility in light of defendant's record showing six prior felony and three prior misdemeanor convictions that resulted in defendant's incarceration during seventeen of the twenty years before she committed the instant offenses while on parole. Moreover counsel could reason that since the trial court was without jurisdiction to impose the serious felony enhancement, relief in the appellate courts might be available under *Crumpton* even if the *Fritz* motion were denied.

In *People* v. *Otterstein* (1987) 189 Cal.App.3d 1548 [235 Cal.Rptr. 108], we recently held defendant waived any objection to imposition of an enhancement for great bodily injury (§ 12022.7), even though imposition of the enhancement was precluded by statute, because the enhancement was admitted as a part of a plea bargain. (Pp. 1550-1551.) We said, "The punishment to which defendant agreed is well within the maximum that could have been imposed under the charges and enhancements which were dismissed solely in consideration of defendant's plea. The record supports the inference defendant deliberately persevered in his plea with knowledge of its irregularity in order to secure an imagined appellate advantage. That is known colloquially as 'having it both ways,' a consummation not favored by the law." (P. 1552.)

The same obtains here. On the record before us, we hold defendant is estopped to attack her admission of, and the trial court's imposition of sentence upon, the prior serious felony. (See *People* v. *Webb, supra,* 186 Cal.App.3d at p. 412.)

Treating the appeal as a petition for writ of habeas corpus, we conclude the record before us fails to sustain defendant's burden of showing entitlement to relief. (See *In re Bower* (1985) 38 Cal.3d 865, 872 [215 Cal.Rptr. 267, 700 P.2d 1269].) Since no certificate of probable cause has been ob-

---

[6] Assuming defendant was convicted on all charged counts, she could have been sentenced to the upper term of six years for first degree burglary (§§ 459-461; count one) plus consecutive terms of one-third the midterm (§ 1170.1, subd. (a)), or eight months, on each of eight independent forgery counts (§§ 470, 473; counts two, seven, eight, nine, ten, eleven, twelve and thirteen), plus an additional consecutive term of eight months for any *one* of the remaining charges: receiving stolen property (§ 496; count three); grand theft of an automobile (§§ 487, subd. 3., 489; count four); vehicle theft (Veh. Code, § 10851; count five); or theft after having been convicted of robbery. (§ 666; count six.) Thus, even assuming counts three through six were subject to section 654, so that sentence on all but one had to be stayed, defendant could have received a base term of six years plus consecutive terms of seventy-two months for nine subordinate counts, for a total sentence of twelve years in prison.

tained, the appeal must be dismissed. (§ 1237.5; *People* v. *Ballard* (1985) 174 Cal.App.3d 982, 985 [220 Cal.Rptr. 323], and authorities there cited.)

## DISPOSITION

Treating the appeal as a petition for writ of habeas corpus, the petition is denied. The appeal is dismissed.

Puglia, P. J., and Evans, J., concurred.