[Crim. No. 41379. Second Dist., Div. Two. July 21, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
GREGORY SANDERS, Defendant and Appellant.

COUNSEL

Joseph F. Walsh, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian and John K. Van de Kamp, Attorneys General, Robert H. Philibosian and Daniel J. Kremer, Chief Assistant Attorneys General, S. Clark Moore, Assistant Attorney General, William R. Pounders and Susan Lee Frierson, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

COMPTON, J.—On March 14, 1983, we filed our opinion in this matter affirming the judgment of the trial court finding defendant guilty of first degree murder with special circumstances and sentencing defendant to life without possibility of parole.

Subsequently, the Supreme Court granted a hearing and retransferred the matter to this court for consideration "in light of Penal Code section 1260 and *People* v. *Williams,* 30 Cal.3d 470."[1]

We interpret the order of transfer as directing us to reconsider only defendant's contention that the trial court should be given an opportunity to

---

[1] *People* v. *Williams* (1981) 30 Cal.3d 470 [179 Cal.Rptr. 443, 637 P.2d 1029], holds simply that a trial court has the power pursuant to Penal Code section 1385 to strike special circumstance allegations. Penal Code section 1260 authorizes this court to affirm the conviction and yet remand the matter to the trial court for the sole purpose of permitting the trial court to consider exercising the discretion authorized under Penal Code section 1385 and strike the special circumstance allegation.

consider whether in its discretion, the special circumstance allegation should be stricken thus making defendant eligible for parole.

Before discussing that latter issue, we set forth that portion of our prior opinion which delineates the facts and disposes of the other issues raised by defendant.

A jury found defendant guilty of first degree murder under special circumstances and first degree robbery. Sentence was life without possibility of parole. He appeals from the judgment of conviction entered on the verdicts.

Overwhelming evidence, which included statements made by defendant, established that defendant, in the course of a robbery which netted him $150, beat to death an elderly female proprietor of a fish and chips restaurant.

The only contentions on appeal are (1) that the corpus delicti of the robbery was not established independently of defendant's statements; (2) the trial court erroneously instructed the jury on the "special circumstances"; and (3) trial defense counsel was incompetent in failing to request the trial court to strike the special circumstance allegation. We reject these contentions and affirm the judgment.

Defendant concedes that the evidence clearly establishes that he killed the victim in the commission of a robbery. His argument concerning the corpus delicti of robbery is directed only to the robbery charge itself and the special circumstance allegation which rested on the robbery aspect of the killing. (Pen. Code, § 190.2, subd. (a)(17).)

At the outset we deal with the application of the so-called "corpus delicti" rule to the special circumstance allegation. ▮ The fundamental rule is that a person may not be convicted of a crime solely on the basis of his confession or admission of guilt. There must be independent evidence to establish to a prima facie degree that a crime was in fact committed. (*People* v. *Amaya* (1952) 40 Cal.2d 70, 75-76 [251 P.2d 324]; *People* v. *Wong* (1973) 35 Cal.App.3d 812, 838-839 [111 Cal.Rptr. 314].)

Once that prima facie showing is made the defendant's statements may be introduced. Those statements may then be used to determine the circumstances and, where appropriate, the degree of the crime. (See *People* v. *Cullen* (1951) 37 Cal.2d 614, 624-626 [234 P.2d 1]; *People* v. *Jackson* (1950) 36 Cal.2d 281, 283-286 [223 P.2d 236].) The sum total of the evi-

dence of course must establish guilt beyond a reasonable doubt. (Pen. Code, § 1096; *People* v. *Hudson* (1955) 45 Cal.2d 121, 127 [287 P.2d 497].)

■ Here, as pertains to the murder charge, the corpus delicti of that crime was clearly established by the evidence concerning the finding of the victim's body and the cause of death which absolutely ruled out accident or suicide.

At that point the defendant's statements that he committed the crime in the course of a robbery were admissible to establish the degree of the crime *as well as the existence of the special circumstances that the murder* "was committed while the defendant was engaged in or was an accomplice in the commission of, attempted commission of, or the immediate flight after committing or attempting to commit . . . [r]obbery in violation of Section 211." (Pen. Code, § 190.2, subd. (a)(17).)

■ In any event there was more than adequate evidence aside from defendant's statements to establish beyond any doubt that a robbery was committed against the victim. There was evidence that on opening for business on the day of the crime, $50 was put into the cash register. At approximately 4:30 that afternoon the victim was found beaten and strangled to death near the cash register. The figure "$999.99" was rung up on the cash register. Coins were scattered on the cash register and on the floor and there was no money inside the drawer. This evidence clearly created a reasonable inference that a robbery had been committed. (See *People* v. *Towler* (1982) 31 Cal.3d 105 [181 Cal.Rptr. 391, 641 P.2d 1253]; *Jones* v. *Superior Court* (1979) 96 Cal.App.3d 390 [157 Cal.Rptr. 809]; *People* v. *Spencer* (1963) 60 Cal.2d 64 [31 Cal.Rptr. 782, 383 P.2d 134].)

In *People* v. *Green* (1980) 27 Cal.3d 1 [164 Cal.Rptr. 1, 609 P.2d 468], the Supreme Court held, at page 61, that the special circumstance allegation of murder committed during a robbery is not established if the primary goal "is not to steal but to kill and the robbery is merely incidental to the murder . . . because its sole object is to facilitate or conceal the primary crime."

■ Defendant contends here that an instruction on that principle should have been given. The defendant did not request any such instruction on the point. The defense was alibi. In view of the evidence concerning the circumstances of the finding of the victim's body, coupled with the fact that defendant and victim were total strangers, there was no requirement that any instruction on that point be given either *sua sponte* or upon request. There was simply nothing in the evidence to suggest that the crime was other than a cold blooded killing in the perpetration of a robbery.

At the penalty phase of the trial, it was established that defendant had previously committed three vicious strong armed robberies. In two of those robberies the victims were elderly persons. No evidence of any mitigating factors was produced by defendant.

During the sentencing proceedings, the following colloquy occurred:

"THE COURT: Let the record reflect the Court has read and considered and signed a nine-page probation report, to which have been attached additional probation reports in an additional matter.

"I will be glad to hear any remarks you have to make before sentence is pronounced, Mr. De La Pena.

"MR. DE LA PENA [Defense Counsel]: Your Honor, the only question the defendant has is that we are well aware of the sentence that is going to be imposed and has to be imposed under the circumstances. The request of Mr. Sanders is that the sentence be pronounced and the execution be forthwith.

"MR. BRITTON: I will submit the matter, Your Honor, on the verdict.

"THE COURT: The defendant having been convicted with respect to Count I, a violation of Section 187 of the Penal Code, murder, and the jury having found that murder to have been in the first degree, special circumstances having been alleged; the jury having found the special circumstances to be true, that upon a hearing with respect to the special circumstances having fixed that penalty at life imprisonment without possibility of parole, the Court will follow the judgment of the jury and at this time the defendant is sentenced to life imprisonment in the State Prison without possibility of parole with respect to Count I. . . .

"Well, I think, sir, that you have gone through a very horrendous time during the long trial we went through. You behaved yourself like a gentleman; you accepted what the jury found, whether you agree with it or not, like a gentleman. *I hope at some time that you will again be on the streets.*"

Defendant now contends that the failure of defense counsel to move the trial court to strike the special circumstances allegation pursuant to Penal Code section 1385 was a failure to provide competent representation. He further contends that the trial court's gratuitous remark about defendant someday being "on the street" indicates that given the opportunity, the trial court would have struck the special circumstance allegation.

■ Clearly, defense counsel's conduct cannot be characterized as incompetent. At the time of the sentencing the Supreme Court had not rendered its decision in *People* v. *Williams, supra,* 30 Cal.3d 470. The foreseeability of such a decision was far from patent. Further, Penal Code section 1385 by its terms provides that any such motion be made by the *prosecutor or by the court* on its own motion. No motion by the defense is authorized.

■ The question then is narrowed to whether this court should, on its own motion, remand the matter to the trial court and provide that court with an opportunity, on its own motion, to exercise its discretion under Penal Code section 1385 and strike the special circumstance allegation.

We do not read the trial court's gratuitous and clearly off hand remark as indicating that it was desirous of affording leniency to the defendant beyond that which had already been afforded when the jury did not impose the death penalty. Clearly, the fact that defendant had "behaved as a gentleman" in the courtroom would not be an adequate basis for overturning the jury's decision. The public has a right to demand civilized behavior in its courts from even the most heinous of criminals.

It thus appears to us that a remand to the trial court for resentencing would be an idle act and that no different result would obtain.

Our conclusion in that regard is bolstered by our belief that the striking of the special circumstances, on the face of this record, would in any event be an abuse of discretion.

Penal Code section 1385, while endowing the trial court with broad discretion, does not grant absolute discretion. The requirement of the statute that a "dismissal" in the "furtherance of justice" be accompanied by a specification of reasons, acts as a restraint on the exercise of that discretion and contemplates that the exercise of such discretion be reviewable by a higher court. (*People* v. *Ritchie* (1971) 17 Cal.App.3d 1098 [95 Cal.Rptr. 462]; *People* v. *Beasley* (1970) 5 Cal.App.3d 617 [85 Cal.Rptr. 501].)

Any dismissal purporting to be in the "furtherance of justice" must necessarily be based on a consideration, not only of defendant's interest, but of the interest of society in seeing that its laws are effectively implemented. (See *People* v. *Orin* (1975) 13 Cal.3d 937, 944-947 [120 Cal.Rptr. 65, 533 P.2d 193].)

We are acutely aware of the difficulty of the task of trial judges in imposing severe punishment on individuals who stand before them and that as human beings, judges may from time to time feel some sympathy for a

defendant who is a recipient of that punishment. Undoubtedly, it is these factors which prompt the making of remarks such as one made by the trial judge here and which are so often seized upon by defendants in making the argument which defendant makes here.

In any event, the unwillingness of a trial judge to face that difficult task or the sympathy which the trial judge might feel for a particular defendant cannot, however, constitute a basis for a complete or partial dismissal "in furtherance of justice" under Penal Code section 1385. (See *People* v. *McAlonan* (1972) 22 Cal.App.3d 982, 986-987 [99 Cal.Rptr. 733]; *People* v. *Superior Court (Long)* (1976) 56 Cal.App.3d 374, 379 [126 Cal.Rptr. 465].)

The People by initiative measure have determined that the punishment for first degree murder accomplished while the defendant was engaged in a commission of a robbery is death or life without possibility of parole.

The jury in the case at bench found on the basis of overwhelming evidence that defendant killed an elderly defenseless woman while engaged in robbing her of her hard earned income. The striking of the allegation that the murder was committed during the commission of a robbery would fly in the face of reality.

In spite of the foregoing observations, the Supreme Court in *People* v. *Williams, supra,* held the trial court could resort to the use of Penal Code section 1385 to insure that the penalty fit both the crime and the perpetrator.

We do not know what led the jury in the instant case to spare the defendant from the imposition of the death penalty. Clearly, that latter penalty would have fit the crime.

As for the perpetrator—the defendant—he exhibited no remorse; his defense was alibi. Furthermore, as we noted, defendant on other occasions displayed a penchant for violently assaulting and robbing elderly defenseless persons. The jury determined that life without possibility of parole is a punishment that fits the perpetrator and the crime.

In summary, there is nothing in this record which even hints at any reason, which could be articulated and which could withstand meaningful appellate review, as a basis for finding that further leniency would be "in furtherance of justice."

The judgment is affirmed.

Roth, P. J., and Beach, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 6, 1983.