[No. A029631. First Dist., Div. Five. Apr. 24, 1985.]

JOHN SIMON NEWBERRY, Petitioner, v.
THE SUPERIOR COURT OF SAN BENITO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

William G. Tiffany for Petitioner.

No appearance for Respondent.

John K. Van de Kamp, Attorney General, Ann K. Jensen and Frances Marie Dogan, Deputy Attorneys General, for Real Party in Interest.

OPINION

HANING, J.—Petitioner is charged by information with one count of first degree murder. He is also charged with one count each of grand theft and unlawful taking of a vehicle, both allegations arising from his alleged theft of the murder victim's car. In addition, the information alleges two special circumstances: (1) that the murder was committed by means of torture (Pen. Code, § 190.2, subd. (a)(18)); and (2) that the murder was carried out for financial gain. (Pen. Code, § 190.2, subd. (a)(1).) Newberry challenged the two special circumstance allegations on a motion brought under Penal Code section 995. Upon denial of that motion, Newberry filed this petition for writ of prohibition to restrain respondent court from further proceedings on the special circumstance allegations. We grant the petition in part and deny it in part.

Newberry's challenge to the torture-murder special circumstance is based on the allegation that the People failed to prove the corpus delicti of

the special circumstance at the preliminary hearing. He argues that the People must establish the corpus of a special circumstance as they must for a substantive crime, meaning that such proof must be independent of the extrajudicial statements of the accused. Newberry claims that the only evidence to support the proof of the corpus in this case are his own extrajudicial statements, and urges a failure of proof of the corpus barring further proceedings on the torture-murder allegation.

This contention is without merit. First, the People are not required to prove the corpus delicti of a special circumstance. The People need only establish the corpus of the underlying homicide, after which the extrajudicial statements of the accused may be used to establish not only the degree of the murder, but any special circumstance alleged. (*People* v. *Cantrell* (1973) 8 Cal.3d 672, 680-681 [105 Cal.Rptr. 792, 504 P.2d 1256], disapproved on other, unrelated grounds in *People* v. *Wetmore* (1978) 22 Cal.3d 318, 324, fn. 5, 327, fn. 7 [149 Cal.Rptr. 265, 583 P.2d 1308] and *People* v. *Flannel* (1979) 25 Cal.3d 668, 684-685, fn. 12 [160 Cal.Rptr. 84, 603 P.2d 1]; *People* v. *Sanders* (1983) 145 Cal.App.3d 218, 223 [193 Cal.Rptr. 278, 688 P.2d 887].) The corpus delicti of the murder was unquestionably established at the preliminary hearing; it was therefore appropriate for the People to admit Newberry's extrajudicial statements to establish probable cause that the murder was committed by means of torture.[1]

█ Even if the People had been required to establish the corpus at the preliminary hearing, the evidence presented independent of petitioner's statements was adequate to show that the murder was committed by torture. █ The corpus delicti may be established by slight or prima facie proof, including circumstantial evidence from which any reasonable inference may be drawn. (*People* v. *Miller* (1969) 71 Cal.2d 459, 477 [78 Cal.Rptr. 449, 455 P.2d 377], cert. den. (1972) 406 U.S. 971 [32 L.Ed.2d 672, 92 S.Ct. 2417]; *Jones* v. *Superior Court* (1979) 96 Cal.App.3d 390, 393-394 [157 Cal.Rptr. 809].) █ The autopsy physician testified to a pattern of five small-caliber gunshot wounds, ranging from a superficial wound to the hand to a fatal wound to the brain. Although the physician admitted he was unable to tell in which order the shots were fired, his testimony permits the reasonable inference that the victim was killed in a protracted fashion, beginning with the hand wound and progressing to the wound to the head. Such an inference is reasonably consistent with a killing perpetrated by means of torture.

---

[1]Newberry's arguments to the contrary are unpersuasive, particularly his contention that *People* v. *Garcia* (1984) 36 Cal.3d 539 [205 Cal.Rptr. 265, 684 P.2d 826], and *People* v. *Alcala* (1984) 36 Cal.3d 604 [205 Cal.Rptr. 775, 685 P.2d 1126], have the combined effect of requiring proof of the corpus delicti of special circumstances. *Garcia* and *Alcala,* either individually or collectively, simply cannot be construed to support Newberry's position.

■ Petitioner challenges the financial gain special circumstance by contending that it must be construed in its narrowest sense, and as such does not apply to the facts of this case. Newberry argues the special circumstance should be interpreted as applying only to those cases in which the killing of the victim is an essential prerequisite to the monetary gain, such as a "contract" killing or a murder for life insurance proceeds. Given this sought-for interpretation, petitioner argues that the evidence presented at the preliminary hearing shows only that he murdered the victim and stole his automobile, and thus the killing was, as a matter of law, not of the type in which the victim's death was the essential prerequisite to the financial gain.

Petitioner's arguments have been recently vindicated in *People* v. *Bigelow* (1984) 37 Cal.3d 731 [209 Cal.Rptr. 328, 691 P.2d 994], mod. 38 Cal.3d 344a. In *Bigelow*, the Supreme Court, also faced with an alleged special circumstance involving theft of a murder victim's car, held that the financial gain special circumstance "applies only when the victim's death is the consideration for, or an essential prerequisite to, the financial gain sought by the defendant." (*Id.*, 37 Cal.3d at p. 751, 38 Cal.3d 344a.) In the court's view the special circumstance applied to cases of killing to obtain life insurance proceeds or an inheritance; presumably the circumstance would also apply to a murder-for-hire wherein the victim's death is the consideration for payment on a contract to kill.

In any event, the *Bigelow* opinion makes it clear that the special circumstance does not apply to cases such as Newberry's, in which the theft of the murder victim's property may have motivated the homicide or been committed in its wake, but in which the death was not consideration or an *essential* prerequisite for financial gain. The *Bigelow* court opined that other special circumstances, such as a killing during the course of a robbery, might be appropriate in a given case: "there will remain at least one special circumstance—either financial gain or felony murder—applicable in virtually all cases in which the defendant killed to obtain money or other property." (*People* v. *Bigelow, supra,* 37 Cal.3d at p. 751.)

Whatever the applicability of another special circumstance to the facts of this case, the financial gain special circumstance is clearly inapplicable and must be stricken from the information. The People have conceded the issue.

The petition for writ of prohibition is denied with respect to the special circumstance of torture-murder. With regard to the special circumstance of financial gain, the petition is granted. Let a peremptory writ of prohibition issue restraining respondent superior court from conducting further pro-

ceedings on the special circumstance of financial gain, except to strike that special circumstance from the information.

Low, P. J., and King, J., concurred.

Petitioner's application for review by the Supreme Court was denied July 18, 1985.