988 F.2d 121
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gregory SANDERS, Petitioner-Appellant,
v.
William BUNNELL, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 91-56413.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 3, 1993.*
Decided March 11, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CV-91-0234-RJK, Robert J. Kelleher, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 MEMORANDUM**
 Before SCHROEDER, DAVID R. THOMPSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 Sanders was convicted in California state court of first degree murder with special circumstances and first degree robbery for beating to death, in the course of a robbery, the elderly female proprietor of a fish and chips store. He was sentenced to life in prison without the possibility of parole.
 
 
 2
 His conviction was affirmed on direct appeal by the California Court of Appeal. The California Supreme Court then granted his petition for hearing and remanded the case to the Court of Appeal to consider whether the trial court should be given the opportunity to strike the special circumstances allegation. On remand, the Court of Appeal reaffirmed the conviction and sentence. People v. Sanders, 193 Cal.Rptr. 331, 332, 335 (2d App.Dist.1983).
 
 
 3
 The California Supreme Court denied Sanders' subsequent petition for hearing. That court also denied his petition for writ of habeas corpus.
 
 
 4
 Sanders then filed a habeas petition in federal district court pursuant to 28 U.S.C. § 2254. In his petition, he argued that there was insufficient evidence to convict him and, therefore, his counsel's failure to raise a sufficiency of the evidence claim on direct appeal constituted the ineffective assistance of counsel. Adopting the magistrate judge's recommendation, the district court dismissed Sanders' petition on the merits with prejudice. Sanders filed a timely notice of appeal. We have jurisdiction under 28 U.S.C. § 2253. We affirm.
 
 
 5
 * "We review claims of ineffective assistance of appellate counsel according to the standard set out in Strickland v. Washington, 466 U.S. 668 (1984)." Miller v. Keeney, 882 F.2d 1428, 1433 (9th Cir.1989). Therefore, to obtain habeas relief for a claim of ineffective assistance of appellate counsel, Sanders must demonstrate that his appellate counsel "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made, and [ ] must also demonstrate prejudice." Butcher v. Marquez, 758 F.2d 373, 375-76 (9th Cir.1985) (citing Strickland ). To demonstrate prejudice, Sanders must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.
 
 II
 
 6
 Sanders argues that the "determination of [his] guilt was an extremely close question, and the product of highly tenuous evidence. As such, the issue of sufficiency of the evidence should have been raised on appeal." In reviewing the sufficiency of the evidence under the Due Process Clause of the Fourteenth Amendment of the United States Constitution, the question we ask is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992). The same question is asked when the sufficiency of the evidence is reviewed under the due process clause of article I, section 15, of the California Constitution. People v. Rowland, 841 P.2d 897, 917 ((Cal.1992). Thus, to determine whether Sanders' counsel was ineffective for failing to raise the sufficiency of the evidence claim on appeal, we must determine whether there was a reasonable probability that the Court of Appeal would have held, had the question been presented to it, that no rational trier of fact could have found Sanders guilty beyond a reasonable doubt on the evidence adduced at trial.
 
 
 7
 In its published opinion in this case, the Court of Appeal stated that "overwhelming evidence, which included statements made by defendant, established that defendant, in the course of a robbery which netted him $150, beat to death an elderly female proprietor of a fish and chips restaurant." Sanders, 193 Cal.Rptr. at 332. Later in its opinion the court reiterated its belief that the evidence was "overwhelming." Id. at 335. Although the Court of Appeal was not squarely presented with the issue, these statements suggest that Sanders was not prejudiced by his counsel's failure to raise the sufficiency of the evidence before that court.
 
 
 8
 The district court adopted the magistrate judge's finding that there was sufficient evidence to convict Sanders. After viewing the evidence in the light most favorable to the prosecution, our own independent evaluation of the evidence leads us to the same conclusion. At Sanders' trial, Lee Maxwell testified that, approximately a week and a half before the murder, Sanders told him that he planned to rob a fish and chips store. Both Maxwell and David Forte testified that Sanders later told them, in some detail, that he had killed the victim while robbing the store. Sanders' palm print was found on the store counter. In addition, the witnesses who discovered the victim's body testified that they saw a man fitting Sanders' general description, wearing a red silky top, walking away from the store as they arrived. The police found a similar shirt in Sanders' possession.
 
 
 9
 In response, Sanders admits that he was in the fish and chips store, but claims that visit occurred a day or two prior to the murder. At trial, Sanders presented an alibi for the day of the murder and presented a number of witnesses in support of that defense. He also presented testimony that there was a wipe mark through his palm print, as well as other indicia that the print may have been left on the counter days before the crime. In addition, he attacked the credibility of both Maxwell and Forte. Moreover, the witnesses who discovered the victim did not specifically identify Sanders or the shirt found in his possession. Finally, Sanders points out that a comb found under the victim's body and a footprint found at the scene did not inculpate him.
 
 
 10
 The specific question we must address is whether Sanders' appellate counsel erred by not raising a sufficiency of the evidence claim and, if so, whether that error was prejudicial. The fact that a case is close, or the evidence tenuous, does not demonstrate that a sufficiency of the evidence of the claim should have been raised. Here, two witnesses testified that Sanders confessed to them. The jury voted to convict Sanders despite his efforts to impeach those witnesses. When reviewing such a claim, the court must view the evidence in the light most favorable to the prosecution. Moreover, Sanders' challenge to the sufficiency of the evidence depends in great part upon his attack on the credibility of those two witnesses, but a credibility challenge would have been unavailing on appeal. See People v. Duncan, 171 Cal.Rptr. 406, 412 (2d App.Dist.1981). Thus, Sanders' counsel's failure to raise a sufficiency of the evidence claim on direct appeal did not fall outside the range of competence demanded of attorneys in criminal cases. Nor has Sanders demonstrated prejudice. We cannot conclude that there was a reasonable probability that Sanders would have prevailed on the claim had it been raised. Even if the evidence presented in this case was less than overwhelming, a rational finder of fact clearly could have found Sanders guilty beyond a reasonable doubt.
 
 
 11
 Accordingly, the district court's denial of Sanders' habeas petition is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3