Filed 8/1/23  P. v. Sanders CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B321018 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A526192) |
| v. | |
| GREGORY SANDERS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Victor D. Martinez, Judge.  Affirmed.

Christine M. Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Gabriel Bradley, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Gregory Sanders appeals from the trial court's May 26, 2022, order denying his petition for resentencing under Penal Code section 1172.6 (former § 1170.95).[1]  Because defendant is ineligible for section 1172.6 relief as a matter of law, we affirm.

## BACKGROUND

I. *Facts*

"[D]efendant, in the course of a robbery which netted him $150, beat to death an elderly female proprietor of a fish and chips restaurant."  (*People v. Sanders* (1983) 145 Cal.App.3d 218, 222 (*Sanders*), disapproved of on another ground by *People v. Mattson* (1984) 37 Cal.3d 85.)

II. *Procedural history*

A.  <u>Conviction and sentencing</u>

In 1981, a jury convicted defendant of first degree murder (§ 187) and robbery (§ 211).  The jury found true allegations that defendant personally inflicted great bodily injury during the commission of both crimes.  (§ 1203.075.)  As to the murder, the jury also found true the special circumstance allegation that defendant committed the murder while engaged in the commission of robbery.  (§ 190.2, subd. (a)(17).)

Defendant was sentenced to state prison for life without the possibility of parole.

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.) For simplicity, we refer to the section by its new numbering.

B.  <u>Direct appeal</u>

This court affirmed the judgment on direct appeal.  The California Supreme Court subsequently granted a hearing and transferred the matter back to this court for further consideration.  (*Sanders*, *supra*, 145 Cal.App.3d at p. 221.)  Upon reconsideration, this court again affirmed the judgment.  (*Id.* at p. 227.)

C.  <u>First section 1172.6 petition</u>

In February 2019, defendant filed a petition for resentencing under section 1172.6.  In April 2019, the trial court summarily denied the petition, finding that defendant was not entitled to relief as a matter of law.  The court's minute order provides:  "An appellate opinion affirming . . . [defendant]'s conviction and sentence reflects . . . [defendant] was convicted of first degree murder and robbery-murder special circumstances as the actual killer . . . ."

D.  <u>Second section 1172.6 petition</u>

In May 2022, defendant filed a second section 1172.6 petition for resentencing.  A few days later, on May 26, 2022, the trial court again summarily denied the petition.  The court noted that the amendments to section 1172.6 effective January 1, 2022, were not applicable to defendant's case and, therefore, there was no basis for defendant to refile the petition.

E.  <u>Appeal</u>

Defendant timely appealed from the trial court's May 26, 2022, order denying his second section 1172.6 petition.

3

**DISCUSSION**

I. *Relevant legal principles*

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) substantively amended sections 188 and 189 to "eliminate[] natural and probable consequences liability for murder as it applies to aiding and abetting[] and limit[] the scope of the felony-murder rule. [Citations.]" (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) Now, a murder conviction "requires proof that the defendant (1) was the actual killer (who acted with the requisite express or implied malice), (2) directly aided and abetted the actual killer while acting with the intent to kill, or (3) was a major participant in a felony who acted with reckless indifference to the value of human life. [Citations.]" (*People v. Duran* (2022) 84 Cal.App.5th 920, 927 (*Duran*).)

Senate Bill No. 1437 also added what is now section 1172.6, which provides "the statutory mechanism for determining whether to *retroactively* vacate a final murder, attempted murder, or manslaughter conviction that does not comply with the new, narrower definitions" of murder. (*Duran*, *supra*, 84 Cal.App.5th at p. 927.)

"A defendant seeking relief under section 1172.6 must 'file a petition' alleging entitlement to relief along with '[a] declaration' attesting to eligibility for relief. [Citation.] If the defendant 'makes a prima facie showing' of entitlement to relief (that is, if the record of conviction does not establish ineligibility for relief as a matter of law), then the court must in most cases convene an evidentiary hearing where the People bear the burden of establishing beyond a reasonable doubt that the defendant is guilty of the pertinent crime under the new,

4

narrower definitions. [Citation.]" (*Duran, supra*, 84 Cal.App.5th at p. 927.)

In determining whether a prima facie showing of eligibility for section 1172.6 relief has been made, the trial court may rely on the record of conviction but only after counsel has been appointed and the parties have been given the opportunity for briefing. (*Lewis, supra*, 11 Cal.5th at p. 957; *People v. Lopez* (2022) 78 Cal.App.5th 1, 13 (*Lopez*).) "The record of conviction may include the underlying facts as presented in an appellate opinion, the trial evidence, the jury instructions, and closing arguments of counsel. [Citation.]" (*Lopez, supra*, at p. 13.)

II. *Standard of review*

We review de novo the trial court's denial of defendant's section 1172.6 petition at the prima facie stage. (*People v. Coley* (2022) 77 Cal.App.5th 539, 545; *People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

III. *The record of conviction conclusively establishes that defendant is ineligible for section 1172.6 relief as a matter of law.*

Defendant's sole argument on appeal is that the trial court erred in denying his section 1172.6 petition at the prima facie stage because it impermissibly relied on the recitation of facts contained in the appellate opinion affirming defendant's conviction on direct appeal. We conclude that any such error was harmless because other components of the record of conviction establish that defendant is ineligible for section 1172.6 relief as a matter of law.[2]

---

[2]    Although the issue was not raised by defendant, the People concede that the trial court erred by denying defendant's section 1172.6 petition at the prima facie stage without first appointing counsel. This error, however, was also harmless. (See

The jury found defendant guilty of first degree murder after having been instructed on, as relevant here, malice murder (CALJIC No. 8.10),[3] deliberate and premeditated first degree murder (CALJIC No. 8.20),[4] and first degree felony murder (CALJIC No. 8.21).[5] The verdict forms do not indicate under which theory—malice murder or felony murder—the jury found defendant guilty.[6] But, "[i]f the jury found [defendant] guilty on a malice theory, [he] would be ineligible for resentencing because section [1172.6] applies only where the murder conviction is based on felony murder, or the natural and probable

---

*People v. Mancilla* (2021) 67 Cal.App.5th 854, 864 [where the record of conviction established the defendant's ineligibility for section 1172.6 relief as a matter of law, the failure to appoint counsel and provide the opportunity for briefing was harmless].)

[3]     As given, CALJIC No. 8.10 states in part: "The crime of murder is the unlawful killing of a human being with malice aforethought."

[4]     As given, CALJIC No. 8.20 states in part: "To constitute a deliberate and premeditated killing, the slayer must weigh and consider the question of killing and the reasons for and against such a choice and, having in mind the consequences, he decides to and does kill."

[5]     As given, CALJIC No. 8.21 states in part: "The unlawful killing of a human being, whether intentional, unintentional or accidental, which occurs as a result of the commission of or attempt to commit the crime of ROBBERY, and where there was in the mind of the perpetrator the specific intent to commit such crime, is murder of the first degree."

[6]     The jury was not instructed on the doctrine of natural and probable consequences.

6

consequences doctrine, or any other theory under which malice is imputed based on a person's participation in a crime. [Citation.]" (*People v. Harden* (2022) 81 Cal.App.5th 45, 53 (*Harden*).) And, if the jury found defendant guilty on a felony murder theory, he would also be ineligible for resentencing if he was the actual killer. (*Ibid.*; see also *People v. Garcia* (2022) 82 Cal.App.5th 956, 973 ["As a matter of law, resentencing relief under section 1172.6 is not available to an 'actual killer[]'"].) "Accordingly, the only possible basis for section [1172.6] relief is if at least one juror convicted [defendant] of felony murder on a theory *other* than being the actual killer. [Citation.]" (*Harden, supra*, at p. 53, italics added.)

The People's theory of the case, as presented during closing arguments, was that "defendant brutally and viciously beat . . . [the victim] to death and strangled her to death." The prosecutor told the jury that it was defendant "who brutally and viciously killed" the victim. Consistent with this theory, the jury received no instructions permitting it to find defendant guilty of murder based on any theory of vicarious liability.[7] In fact, the trial court

---

[7] The jury was instructed with CALJIC No. 2.11.5 as follows: "There has been evidence in this case indicating that a person other than defendant was or may have been involved in the crime for which the defendant is on trial. [¶] You must not discuss or give any consideration as to why the other person if there was one is not being prosecuted in this trial or whether he has been or will be prosecuted." This unjoined perpetrator instruction "discourage[d] improper conjecture" and "d[id] not provide the jury with a path to convict [defendant] of felony murder on a theory other than . . . being the actual killer." (*Harden, supra*, 81 Cal.App.5th at p. 59.)

expressly refused to instruct the jury with CALJIC Nos. 8.26 and 8.27 on conspiracy and aider and abettor theories of first degree felony murder. Finally, the jury found true the allegation that defendant personally and intentionally inflicted great bodily injury on the victim during the commission of the murder for which defendant was found guilty. This finding cannot be reconciled with anything other than convicting defendant as the actual killer.

Taken together, the verdicts, jury instructions, and closing arguments "*conclusively* establish—with no factfinding, weighing of evidence, or credibility determinations—that . . . [defendant] was convicted as the actual killer" and is thus ineligible for section 1172.6 relief as a matter of law. (*Harden, supra*, 81 Cal.App.5th at p. 47.)[8]

---

[8]    Because we affirm the trial court's order on this basis, we need not address the People's argument that defendant's section 1172.6 petition is procedurally barred as a successive petition.

## DISPOSITION

The order denying defendant's section 1172.6 petition is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
ASHMANN-GERST


We concur:


_____, P. J.
LUI


_____, J.
HOFFSTADT

9