51 F.3d 283
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas F. McCANN, Defendant-Appellant.
 No. 94-30193.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.
Decided March 30, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas F. McCann appeals his conviction, following a jury trial, for bank robbery in violation of 18 U.S.C. Secs. 2113(a), (d). He contends the district court erred in instructing the jury to disregard the evidence it had heard "regarding defendant's mental disorders and drug usage" when deliberating on the bank robbery charge. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 At trial, McCann testified that after days of intravenous cocaine use, he was delusional and suicidal. Unable to kill himself, he wrote a suicide note and robbed a bank believing he would be shot and killed by police in the course of the robbery. After allowing McCann to present his defense, the district court concluded, citing United States v. Whitehead, 896 F.2d 432 (9th Cir.), cert. denied, 498 U.S. 938 (1990), that the evidence of insanity was insufficient to go the jury.[1] Reading the same instruction given in Whitehead, the district court gave the jury the following instruction:
 
 
 4
 For reasons which need not concern you, the insanity defense has been withdrawn by the Court from your consideration. The evidence you received regarding defendant's mental disorders and drug usage should not be considered by you in your deliberations on the crime charged against the defendant.
 
 
 5
 At trial, the court expressly acknowledged that McCann objected to the court's decision to withdraw an instruction which would have permitted the jury to decide the insanity issue.
 
 
 6
 On appeal, McCann contends that the district court erred not by withdrawing the insanity defense from the jury's consideration, but by instructing the jury to disregard evidence of defendant's mental disorders and drug usage in its deliberations on the bank robbery charge. In essence, McCann argues that the court's instruction violated his right to argue to the jury that due to his mental problems and drug usage he lacked the mens rea for bank robbery. Because the argument which McCann makes on appeal is not the same argument which McCann made at trial, we review for plain error. See United States v. Olano, 113 S.Ct. 1770, 1777 (1993).
 
 
 7
 Bank robbery requires proof that defendant took the bank's property by force, violence or intimidation and that defendant acted knowingly. United States v. Darby, 857 F.2d 623, 625-26 (9th Cir.1988) (citing United States v. Porter, 431 F.2d 7, 10 (9th Cir.), cert. denied, 400 U.S. 960 (1970)). Bank robbery is a general intent crime; consequently, voluntary drug intoxication is not a defense. United States v. Hartfield, 513 F.2d 254, 259 (9th Cir.1975); see also United States v. Klare, 545 F.2d 93, 94 (9th Cir.1976) (district court properly excluded evidence of voluntary intoxication and declined to instruct that voluntary intoxication was a defense to bank robbery), cert. denied, 431 U.S. 905 (1977).
 
 
 8
 Because as a matter of law McCann's voluntary drug usage is not a defense to bank robbery, the district court properly refused to instruct to the contrary. See id.
 
 
 9
 Even were we to accept McCann's version of events that he was on a "suicide mission" when he robbed the bank, that version of events may explain McCann's motive for robbing the bank but it does not negate McCann's knowledge of his conduct. See Darby, 857 F.2d at 625-26 (bank robbery only requires proof that defendant took the bank's property by force, violence or intimidation and that defendant acted knowingly). McCann presented no evidence that he had a mental disorder which prevented him from knowing that he was robbing a bank. Indeed, McCann admitted on cross-examination that he was aware he was robbing a bank. Because there was no evidence indicating that McCann had a mental disorder which prevented him from knowing that he was robbing a bank, it was not plain error for the district court to instruct the jury to disregard evidence of McCann's mental disorders when deliberating on the bank robbery charge. See United States v. Washington, 819 F.2d 221, 225 (9th Cir.1987) (if no evidence in the record supports defendant's proposed instruction, instruction is not required); see also United States v. Scott, 789 F.2d 795, 797-98 (9th Cir.1986) (when knowledge satisfies mens rea of crime, defendant's purpose is irrelevant; district court properly refused to instruct on good faith defense).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In Whitehead, defendant was charged with bank robbery. At trial, a defense expert testified that defendant, a Vietnam veteran, suffered from post-traumatic stress disorder ("PTSD"). Because the testimony by the defense expert negated the defense that PTSD rendered defendant unable to appreciate the nature or wrongfulness of his act, the district court instructed the jury to disregard the evidence of defendant's mental disorders and drug usage